UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ZAKAR,<br><br>                           Plaintiff,<br>v.<br>NATIONSTAR MORTGAGE LLC et al.,<br>                         Defendants. | Case No.: 3:16-CV-3029-CAB-JLB<br><br>**DISMISSAL WITHOUT PREJUDICE** |

Plaintiff filed this lawsuit on December 14, 2016. Because no activity had occurred on the docket as of March 27, 2017, the Court issued an order requiring Plaintiff to show cause why the lawsuit should not be dismissed for failure to prosecute. Four days letter, Plaintiff filed proofs of service reflecting that the summons and complaint had been served on four of the seven defendants on March 31, 2017. On April 7, 2017, Plaintiff responded to the order to show cause stating that the remaining three defendants "have been sent out for service [sic]."

On April 19, 2017, the four defendants who were served filed a motion to dismiss the complaint for failure to state a claim. The motion included a notice of a hearing date (set for briefing purposes only) of May 24, 2017. Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Here, Plaintiff's

opposition to the motion to dismiss was due no later than May 10, 2017. As of the date of this order, no opposition has been filed.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

These factors weigh in favor of granting the motion to dismiss and dismissing this lawsuit in its entirety for failure to prosecute. Plaintiff has made no effort to prosecute this lawsuit, failing even to serve the summons and complaint until prompted by the Court. Plaintiff's lack of action is consistent with the assertion in the motion to dismiss that this lawsuit is merely a continuation of a state court action and "a new attempt to prolong litigation and engage in gamesmanship." [Doc. No. 13 at 5.] Moreover, the motion itself appears meritorious and equally applicable to the claims against the three defendants who have yet to be served. Ultimately, based on the lack of opposition and of the apparent merits of the motion itself, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" all weigh in favor of granting the motion to dismiss and dismissing this action in its entirety. See *Ghazali*, 46 F.3d at 53.

Accordingly, it is hereby **ORDERED** that the unopposed motion to dismiss is **GRANTED** and the claims against the four defendants who filed the motion are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that the lawsuit is

1 **DISMISSED WITHOUT PREJUDICE** in its entirety with respect to all claims against all defendants for failure to prosecute.

It is **SO ORDERED**.

Dated: May 22, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge